**FILED**
Jun 13, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | District Court No. 2:25-mc-0194 DJC SCR (BK)(PS) |
| KIRAN RAWAT, | Case No. 21-23516-C-7 |
|                 Debtor. | |
| RAGHVENDRA SINGH, | Adversary No. 24-02184-C |
|                 Plaintiff, | |
| v. | BAP No. EC-25-1055 |
| KIRAN RAWAT, JAMES ROUSE, ERIN RADEKIN, and DANNY BRACE, | |
|               Defendants. | |

**TRIAL COURT'S CERTIFICATION UNDER 28 U.S.C. § 1915(a)(3) THAT APPEAL NOT TAKEN IN GOOD FAITH AND**
**TRIAL JUDGE'S CERTIFICATION UNDER 28 U.S.C. § 753(f) THAT APPEAL IS FRIVOLOUS AND DOES NOT PRESENT SUBSTANTIAL QUESTION**

Appeals in civil matters may not be taken in forma pauperis if the <u>trial court</u> certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Correlatively, fees for transcripts furnished [in civil proceedings] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the <u>trial judge</u> or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). 28 U.S.C. § 753(f).

In Bankruptcy Appellate Panel appeal No. EC-25-1055, in this Court's Adversary Proceeding No. 24-02184-C, appellant Raghvendra Singh has made a Motion For Permission to Proceed In Forma Pauperis.

The request has been referred by BAP to the District Court for the reasons explained in this Court's decision in <u>Knutson v. Price (In re Price)</u>, 410 B.R. 51 (Bankr. E.D. Cal. 2009).

In short, the Ninth Circuit holds that bankruptcy judges cannot grant in forma pauperis status under 28 U.S.C. § 1915(a). Perroton v. Gray (In re Perroton), 958 F.2d 889, 896 (9th Cir. 1992). Thus, BAP must refer in forma pauperis requests in bankruptcy appeals to the respective District Courts.

Nevertheless, 28 U.S.C. §§ 1915(a) and 753(f) assign to bankruptcy trial judges the two roles in forma pauperis procedure roles described above.

The undersigned bankruptcy judge is the judicial officer who entered the order from which appeal has been taken in BAP No. EC-25-1055, hence qualifies as the "trial court" for purposes of § 1915(a)(3) and the "trial judge" for purposes of § 753(f).

This Court is mindful of the long history of Raghvendra Singh in the Eastern District of California with respect to filing cases and adversary proceedings therein:

```
Case No. 09-44480, filed 11/9/09, dismissed 11/25/09
Case No. 09-45778, filed 11/24/09, dismissed 4/5/10
     Adv. Pro. No. 09-02810, dismissed 4/13/10
     Adv. Pro. No. 10-02154, dismissed 6/4/10
Case No. 10-28544, filed 4/2/10, dismissed 12/21/11
     Adv. Pro. No. 10-02231, filed 4/28/10, BAP Appeal No. EC-10-
          1290
     Adv. Pro. No. 11-02118, filed 2/22/11, BAP Appeal No. EC-11
          1700
     Order barring Raghvendra Singh from filing for 8 years
          (12/20/11- 12/20/19) (Dkt 182)
In Case No. 21-23516 of ex-wife Kirin Rawat:
     Adv. Pro. No. 22-02101, Singh v. Rawat, dismissed 1/4/23
     Adv. Pro. No. 23-02050, Singh v. Rawat, dismissed 9/30/23
     Adv. Pro. No. 24-02184, Singh v. Rawat, dismissed 1/24/25,
          BAP Appeal No. ED-25-1055, Motion for Permission to
          Proceed In Forma Pauperis filed 3/28/25
```

The record of Raghvendra Singh's filings in the bankruptcy court for this district reflects allegations that on multiple occasions have been rejected. None of his prior appeals has afforded him relief.

There is nothing materially different about the allegations of Raghvendra Singh in the present instance.

In its capacity as the "trial court" that issued the order from which appeal has been taken, this Trial Court certifies under 28 U.S.C. § 1915(a)(3), that the appeal is <u>not</u> taken in good faith.

In his capacity as "trial judge" that issued the order from which appeal has been taken, this Trial Judge does <u>not</u> certify under 28 U.S.C. § 753(f) that the appeal is not frivolous (but presents a substantial question). To the contrary, this Trial Judge certifies that the appeal <u>is</u> frivolous and certifies that it does <u>not</u> present a substantial question.

The Clerk of Court shall transmit a copy of these Certifications to the Clerk of the Bankruptcy Appellate Panel of the Ninth Circuit and to the Clerk of the District Court for this judicial district.

SO ORDERED.

Dated: June 13, 2025

_____
United States Bankruptcy Judge

1
2        **INSTRUCTIONS TO CLERK OF COURT**
3                    **SERVICE LIST**
4
5        The Clerk of Court is instructed to send the attached
6   document, via the BNC, to the following parties:
7
8   Raghvendra Singh
9   PO Box 162783
10  Sacramento, CA 95816-2783
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28